# EXHIBIT A
# ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND

*Shane Margaretis, individually and for others similarly situated v. Safeway Inc.*

| | |
|---|---|
| 4TH JUDICIAL DISTRICT COURT, EL PASO COUNTY, STATE OF COLORADO<br>270 S. Tejon St.<br>Colorado Springs, CO 80903<br><br>**PLAINTIFF:** SHANE MARGARETIS, Individually and for Others Similarly Situated<br><br>**v.**<br><br>**DEFENDANT:** SAFEWAY INC. | DATE FILED<br>February 21, 2025 4:02 PM<br>FILING ID: E163B77211B85<br>CASE NUMBER: 2025CV30394<br><br><br>☐ COURT USE ONLY ☐ |
| Attorneys for Plaintiff:<br><br>Brian D. Gonzales, Atty. Reg. # 29775<br>**BRIAN D. GONZALES, PLLC**<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Phone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Michael A. Josephson*<br>Andrew W. Dunlap*<br>**JOSEPHSON DUNLAP LLP**<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>Phone: (713) 352-1100<br>Fax:     (713) 352-3300<br>mjosephson@mybackwages.com<br>adunlap@mybackwages.com<br><br>Richard J. (Rex) Burch*<br>**BRUCKNER BURCH PLLC**<br>11 Greenway Plaza, Suite 3025<br>Houston, Texas 77046<br>Phone: (713) 877-8788<br>Fax:     (713) 877-8065<br>rburch@brucknerburch.com<br><br>*Pro hac vice applications forthcoming* | Case Number:<br><br><br><br>Ctrm/Div: |
| **ORIGINAL CLASS ACTION COMPLAINT & JURY DEMAND** | |

1

## SUMMARY

1. Shane Margaretis (Margaretis) brings this class action to recover unpaid wages and other damages from Safeway Inc. (Safeway).

2. Safeway employed Margaretis as one of its Hourly Employees (defined below) in one of its Colorado Springs stores.

3. Safeway pays Margaretis and its other Hourly Employees by the hour.

4. Margaretis and the other Hourly Employees regularly work more than 40 hours a workweek (and occasionally more than 12 hours a workday).

5. But Safeway regularly does not authorize, permit, or make available uninterrupted and duty-free meal periods to Margaretis and the other Hourly Employees for each workday that exceeds 5 hours.

6. Likewise, Safeway regularly does not authorize or permit Margaretis and the other Hourly Employees to take a 10-minute *bona fide* rest period for each 4 hours worked or major fraction thereof.

7. Safeway does not provide compensation to Margaretis and the other Hourly Employees for the meal and rest periods it fails to provide and/or make available.

8. Additionally, Safeway pays Margaretis and the other Hourly Employees holiday incentive wages for working on designated holidays but does not include it in their regular rates of pay for overtime purposes (Safeway's "holiday pay scheme").

9. Thus, Safeway violates the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (CWCA), the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.* (CMWA), and their implementing regulations, *see, e.g.,* 7 Colo. Code Regs. § 1103-1 (COMPS Orders) by failing to provide or make available required meal and rest periods and fails to compensate them for missed meal and rest periods; and by paying the Hourly Employees holiday pay that it fails to include in their regular rates of pay.

## JURISDICTION & VENUE

10. This Court has subject matter jurisdiction pursuant to COLO. CONST. ART. VI § 9(1) because this case arises under Colorado law, and Safeway's violative conduct occurred in Colorado.

11. This Court has personal jurisdiction over Safeway based on Safeway's substantial operations in Colorado and its substantial contacts with, and conduct directed toward Colorado that form the basis of this class action. C.R.S. § 13-1-124.

12. Venue is proper pursuant to C.R.C.P. 98 because some part of the claim arose in El Paso County.

**PARTIES**

13. Safeway employed Margaretis as an assistant grocery manager in one of its Colorado Springs stores from approximately March 2019 until August 2024.

14. Throughout Margaretis's employment, Safeway classified him as non-exempt from overtime and paid him by the hour.

15. Further, throughout his employment, Safeway regularly did not authorize, permit or make available uninterrupted and duty-free meal periods during shifts exceeding 5 hours or *bona fide* 10-minute rest periods for every 4 hours worked or major fraction thereof.

16. Nor did Safeway provide Margaretis with any compensation for his missed meal and rest periods.

17. And Safeway paid him under its holiday pay scheme.

18. Safeway likewise subjects the other Hourly Employees to these policies.

19. The Putative Class of similarly situated employees is defined as:

> **All hourly employees who worked for Safeway in Colorado during the past 6 years through final resolution of this action ("Hourly Employees").**

20. The Hourly Employees can be readily ascertained from Safeway's business and personnel records.

21. Safeway is a Delaware corporation with its principal place of business in Pleasanton, California.

22. Safeway is registered to do business in Colorado.

23. Safeway may be served through its registered agent: **CT Corporation System, 7700 E. Arapahoe Rd., Ste. 220, Centennial, Colorado 80112**.

**FACTS**

24. "Safeway operates as a banner of Albertsons Companies, one of the largest food and drug retailers in the United States."[1]

25. To meet its business objectives, Safeway hires employees like Margaretis and the other Hourly Employees.

26. Safeway classifies Margaretis and its other Hourly Employees as nonexempt from overtime and pays them by the hour.

---

[1] https://www.safeway.com/about-us.html (last visited February 10, 2025).

3

27. Margaretis and the other Hourly Employees regularly work more than 40 hours a workweek (and occasionally more than 12 hours a workday).

28. While exact job duties and precise locations may differ, Margaretis and the other Hourly Employees are subject to Safeway's same or similar unlawful policies: its holiday pay scheme and failure to authorize, permit, or make available required meal periods and rest periods.

29. For example, Safeway employed Margaretis as an assistant grocery manager from approximately March 2019 until August 2024.

30. Safeway paid Margaretis approximately $26 an hour.

31. As an assistant grocery manager, Margaretis's job duties included overseeing, coordinating, and training associates, running registers, stocking shelves, filling in for other employees as necessary, and implementing corporate directives.

32. Throughout his employment, Safeway required Margaretis to report his "on the clock" hours worked to Safeway by using Safeway's designated timekeeping system.

33. Throughout his employment, Margaretis regularly worked more than 40 hours a workweek (and occasionally more than 12 hours a workday).

34. Indeed, Margaretis typically worked approximately 9 to 10 hours a day and 5 to 7 days a week "on the clock" (45 to 70 hours a workweek).

35. Safeway required Margaretis to record that he took a meal period each workday.

36. But, Safeway regularly did not authorize, permit, or make available to Margaretis duty-free, uninterrupted 30-minute meal periods during each shift exceeding 5 hours.

37. Margaretis thus regularly did not receive duty-free, uninterrupted meal periods.

38. And Safeway failed to compensate Margaretis for his missed meal periods.

39. The nature of the work Margaretis performed did not make an uninterrupted meal period impractical.

40. To meet Safeway's productivity requirements, Margaretis was regularly interrupted and forced to perform his regular work duties without a *bona fide* meal period.

41. Similarly, Safeway regularly did not authorize and permit Margaretis to take *bona fide* 10-minute rest periods for every 4 hours worked or major fraction thereof. *See* 7 C.C.R. 1103-1 (5.2).

42. And Safeway failed to compensate Margaretis for his missed rest periods.

43. Like Margaretis, the other Hourly Employees work approximately 9 to 10 hours a day for 5 to 7 days a week "on the clock" (45 to 70 hours a workweek).

4

44. Safeway requires Margaretis and the other Hourly Employees to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

45. Just as with Margaretis, Safeway requires the other Hourly Employees to record that they take a 30-minute meal period each workday.

46. And just as with Margaretis, Safeway regularly does not authorize, permit, or make available work-free and uninterrupted 30-minute meal periods during shifts exceeding 5 hours.

47. Instead, like Margaretis, to complete their job duties in accordance with Safeway's policies, procedures, standards, and expectations, the other Hourly Employees are regularly forced to perform their regular work duties and responsibilities throughout their shifts.

48. And, as with Margaretis, the nature of the work the other Hourly Employees performed does not make uninterrupted meal periods impractical.

49. Safeway fails to compensate the Hourly Employees for their missed meal periods.

50. Similarly, Safeway regularly does not authorize or permit the other Hourly Employees to take *bona fide* 10-minute rest periods for every 4 hours worked or major fraction thereof.

51. And Safeway fails to compensate them for their missed rest periods.

52. Despite accepting the benefits, Safeway does not pay Margaretis and its other Hourly Employees for the compensable work they perform "off the clock" during their denied and missed meal periods and fails to provide *bona fide* and compliant meal and rest periods, in violation of Colorado law.

53. Additionally, Safeway pays Margaretis and the other Hourly Employees under its holiday pay scheme.

54. Specifically, Safeway pays Margaretis and the other Hourly Employees additional wages for working on designated holidays.

55. But Safeway does not include this holiday incentive compensation in Margaretis's and the other Hourly Employees' regular rates of pay for overtime purposes, in violation of applicable Colorado law. *See Hamilton v. Amazon.com Servs. LLC*, No. 24SA12, 2024 WL 4116007 (Colo. 2024) ("holiday incentive pay is included in the calculation of the '[r]egular rate of pay' under [7 Colo. Code Regs. § 1103-1:1, secs.] 1.8 and 1.8.1.").

## CLASS ACTION ALLEGATIONS

56. Margaretis brings his claims as a class action on behalf of himself and the other Hourly Employees pursuant to C.R.C.P. 23.

57. Like Margaretis, the other Hourly Employees are victimized by Safeway's illegal holiday pay scheme and its failure to authorize, permit, and/or make available *bona fide* meal and rest periods.

5

58. Other Hourly Employees worked with Margaretis and indicated they were paid in the same manner, performed similar work, and were subject to Safeway's same holiday pay scheme and failure to authorize, permit, and/or make available *bona fide* meal and rest periods.

59. Based on his experience with Safeway, Margaretis is aware its holiday pay scheme and failure to authorize, permit, and/or make available *bona fide* meal and rest periods were imposed on other Hourly Employees.

60. The putative class of Hourly Employees is so numerous that the joinder of all potential class members is impracticable.

61. The Hourly Employees are similarly situated in the most relevant respects.

62. Even if their specific job titles or precise locations might vary, these differences do not matter for the purposes of determining their entitlement to meal and rest periods, earned wages for all hours worked, and overtime wages for all hours worked over 40 in a workweek (and occasionally over 12 in a workday).

63. Therefore, the specific job titles or precise job locations of the Hourly Employees do not prevent class treatment.

64. Rather, the Hourly Employees are held together by Safeway's uniform holiday pay scheme and failure to authorize, permit, and/or make available *bona fide* meal and rest periods, which systematically deprived Margaretis and the other Hourly Employees of compliant meal and rest periods, earned wages for all hours worked, and overtime wages at the required premium rates for all hours worked after 40 in a workweek (and occasionally after 12 in a workday).

65. Safeway's failure to authorize, permit, and/or make available *bona fide* meal and rest periods and failure to pay earned wages and overtime wages as required by Colorado wage laws results from generally applicable, systematic policies and practices that are not dependent on the personal circumstances of the Hourly Employees.

66. Safeway's records reflect the number of hours the Hourly Employees' recorded they worked "on the clock" each workweek and how and what Safeway paid them.

67. The back wages owed to Margaretis and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

68. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Safeway's records, and there is no detraction from the common nucleus of liability facts.

69. Therefore, the issue of damages does not preclude class treatment.

70. Margaretis's experiences are therefore typical of the experiences of the other Hourly Employees.

71. Margaretis has no interest contrary to, or in conflict with, the other Hourly Employees.

72. Like each Hourly Employee, Margaretis has an interest in obtaining the unpaid wages owed to them under Colorado law.

73. Margaretis and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

74. Margaretis retained counsel with significant experience in complex class action litigation.

75. A class action is superior to other available means for fair and efficient adjudication of this lawsuit.

76. Absent this class action, many Hourly Employees likely will not obtain redress for their injuries, and Safeway will reap the unjust benefits of violating Colorado law.

77. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

78. Indeed, the multiplicity of actions would create a hardship for the Hourly Employees, the Court, and Safeway.

79. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

80. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

81. Among the common questions of law and fact are:

   a. Whether Safeway required, requested, suffered, or permitted the Hourly Employees to perform compensable work "off the clock," without compensation during their "meal periods";

   b. Whether Safeway knew, or had reason to know, the Hourly Employees were required, requested, suffered, or permitted, to perform compensable "off the clock," without compensation;

   c. Whether Safeway engaged in a policy and practice of failing to authorize, permit, and/or make available duty-free uninterrupted meal periods to the Hourly Employees during shifts exceeding 5 hours;

   d. Whether Safeway failed to authorize and permit the Hourly Employees to take *bona fide* 10-minute rest periods for each four hours worked or major fraction thereof.

   e. Whether Safeway failed to authorize, permit, and/or make available *bona fide*, compliant meal and rest periods to the Hourly Employees to take *bona fide* rest periods deprived the Hourly Employees of earned

7

      wages for all hours worked in violation of the CWCA, CMWA, and/or COMPS Orders;

  f.    Whether Safeway failed to include holiday incentive pay for work the Hourly Employees performed on designated holidays in their regular rates of pay for overtime purposes;

  g.    Whether Safeway's decision to not pay the Hourly Employees earned wages, including overtime wages, for all hours worked, including those worked "off the clock," was made in good faith;

  h.    Whether Safeway's decision not to pay the Hourly Employees at 1.5 time their regular rates of pay, based on all compensation, for all hours worked in excess of 40 a workweek (and 12 a workday) was made in good faith;

  i.    Whether Safeway's decision to not authorize, permit, and/or make available *bona fide*, compliant meal and rest periods was made in good faith; and

  j.    Whether Safeway's violations were willful?

82.    As part of its regular business practices, Safeway intentionally, willfully, and repeatedly violated Colorado law with respect to Margaretis and the other Hourly Employees.

83.    Safeway's holiday pay scheme and failure to authorize, permit, and/or make available *bona fide* meal and/or rest periods deprived Margaretis and the other Hourly Employees of earned wages for all hours worked and overtime wages at the required premium rate for all hours worked after 40 in a workweek and 12 in a workday.

84.    Accordingly, all of C.R.C.P. 23's requirements are satisfied, and Margaretis's proposed class of Hourly Employees merits certification.

### SAFEWAY'S VIOLATIONS WERE WILLFUL

85.    Safeway knew it was subject to the CWCA's, CMWA's, and COMPS Order's respective provisions. *See* C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1(1.6).

86.    Safeway knew Margaretis and the other Hourly Employees were its non-exempt employees entitled to overtime pay. *See* C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1(1.5); 7 C.C.R. 1103-1(4.1.1).

87.    Safeway knew the CWCA, CMWA, and COMPS Orders, required it to pay non-exempt employees, including Margaretis and the other Hourly Employees, overtime wages at rates not less than 1.5 times their regular rates of pay, based on all compensation, for all hours worked after 12 in a workday and 40 in a workweek. *See* 7 C.C.R. 1103-1(4.1.1).

88. Safeway knew the CWCA, CMWA, and COMPS Orders further required it to pay employees, including Margaretis and the other Hourly Employees, all wages earned for all hours of work performed. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

89. Safeway knew Margaretis and the other Hourly Employees worked over 40 hours in at least one workweek and/or over 12 hours in one workday during the 3 years before this Complaint was filed because Safeway required them to record their "on the clock" hours using its timekeeping system.

90. Safeway knew the CWCA, CMWA, and COMPS Orders required it to pay employees, including Margaretis and the other Hourly Employees, for all hours these employees performed compensable work. *See* 7 C.C.R. 1103-1 (3.1).

91. Safeway knew that, as Margaretis's and the other Hourly Employees' employer, it had a duty to ensure these employees were not performing compensable work "off the clock" (without pay) that Safeway did not want performed. *See* 7 C.C.R. 1103-1 (1.9).

92. Safeway knew it regularly did not authorize and permit Margaretis and the other Hourly Employees to take *bona fide* rest periods for every four hours worked or major fraction thereof. *See* 7 CCR 1103-1 (5.2).

93. Safeway knew it did not provide Margaretis and the other Hourly Employees additional compensation for their on-duty "rest periods." *See* 7 C.C.R. 1103-1 (5.2.4).

94. Safeway knew it regularly did not authorize, permit, or make available to Margaretis and the other Hourly Employees duty-free, uninterrupted meal periods during shifts exceeding five hours. *See* 7 CCR 1103-1 (5.1).

95. Safeway knew it did not provide Margaretis and the other Hourly Employees additional compensation for their non-compliant "meal periods." *See* 7 C.C.R. 1103-1 (5.1).

96. Indeed, Safeway knew it required Margaretis and the other Hourly Employees to record that they took a 30-minute meal period each workday, regardless of whether they actually were able to take a *bona fide* meal period.

97. And Safeway knew the nature of the work Margaretis and the other Hourly Employees performed did not make uninterrupted meal periods impractical under Colorado law.

98. Safeway knew Margaretis and the other Hourly Employees performed compensable work "off the clock" during their "meal periods."

99. Safeway knew it requested, suffered, or permitted Margaretis and the other Hourly Employees to work "off the clock" during their "meal periods." *See Id.*; 7 CCR 1103-1 (5).

100. Nonetheless, Safeway did not pay Margaretis and the other Hourly Employees for these compensable hours and overtime hours they worked "off the clock."

101. Margaretis and the other Hourly Employees complained to Safeway about being required to work "off the clock."

9

102. Safeway knew it paid Margaretis and the other Hourly Employees holiday incentive pay for working on certain holidays.

103. And Safeway knew it was required to, but did not, include this holiday incentive pay in the Hourly Employees' regular rates of pay for overtime purposes.

104. As a result of the conduct alleged in this Complaint, Safeway failed to pay wages due, including overtime wages due at the required rate, and failed to authorize, permit, or make available compliant meal and rest periods, thereby violating, and continuing to violate, the CWCA, COMPS Orders, and CMWA.

105. Safeway committed these violations knowingly, willfully, and with reckless disregard of applicable law. *See* C.R.S. § 8-4-109(3)(b)–(c); 7 CCR 1103-1 (8.2).

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE CWCA AND COMPS ORDERS
### (CLASS ACTION)

106. Margaretis brings his CWCA overtime claim on behalf of himself and the other Hourly Employees pursuant to C.R.C.P. 23.

107. Safeway's conduct violated the CWCA, as implemented by the COMPS Orders. *See* C.R.S. §§ 8-4-101, *et seq.*; 7 C.C.R. 1103-1.

108. At all relevant times, Safeway was subject to the CWCA and the COMPS Orders because Safeway was (and is) an "employer" within the meaning of the CWCA and COMPS Orders. *See* C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1(1.6).

109. At all relevant times, Safeway employed Margaretis and the other Hourly Employees as its covered "employees" within the meaning of the CWCA and COMPS Orders. *See* C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1(1.5).

110. The COMPS Orders require employers, like Safeway, to pay non-exempt employees, including Margaretis and the other Hourly Employees, overtime wages at rates not less than 1.5 times their regular rates of pay, based on all compensation, for all hours worked over 12 in a workday and 40 in a workweek. *See* 7 C.C.R. 1103-1(4.1.1).

111. Margaretis and the other Hourly Employees are entitled to overtime pay under the COMPS Orders. *See* 7 C.C.R. 1103-1(4.1.1).

112. Safeway violated the CWCA and COMPS Orders by failing to pay Margaretis and the other Hourly Employees overtime wages at rates not less than 1.5 times their regular rates of pay, based on all compensation, for all hours worked over 12 in a workday and 40 in a workweek, including hours worked "off the clock" and for denied "meal periods" and "rest periods," for which Safeway failed to compensate Margaretis and the other Hourly Employees. *See* 7 C.C.R. 1103-1(4.1.1 and 5).

113. Safeway's unlawful conduct harmed Margaretis and the other Hourly Employees by depriving them of the premium overtime wages they are owed.

10

114. Accordingly, Margaretis and the other Hourly Employees are entitled to recover their unpaid overtime wages and an automatic penalty of the greater of two times the amount of the unpaid overtime wages or $1,000. *See* C.R.S. § 8-4-109(3)(b)(I); 7 C.C.R. 1103-1(8.1).

115. Because Safeway's failure to pay these overtime wages was willful, Safeway is also liable to Margaretis and the other Hourly Employees for treble damages in the amount of three times their unpaid overtime wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(3)(b)(II).

116. Finally, Margaretis and the other Hourly Employees are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110; C.C.R. 1103-1(8.1).

## COUNT II
### FAILURE TO PAY MINIMUM WAGES UNDER THE CMWA AND COMPS ORDERS
### (CLASS ACTION)

117. Margaretis brings his CMWA minimum wages claim on behalf of himself and the other Hourly Employees pursuant to C.R.C.P. 23.

118. Safeway's conduct violated the CMWA, as implemented by the COMPS Orders. *See* 7 C.C.R. 1103-1(1.5).

119. At all relevant times, Safeway was subject to the CMWA because Safeway was (and is) an "employer" within the meaning of the CMWA. *See* 7 C.C.R. 1103-1(1.6).

120. At all relevant times, Safeway employed Margaretis and the other Hourly Employees as its covered "employees" within the meaning of the CMWA. *See* 7 C.C.R. 1103-1(1.5 and 1.6).

121. The CMWA and COMPS Orders require employers, like Safeway, to pay employees, including Margaretis and the other Hourly Employees, no less than the minimum hourly wage for all hours worked. *See* C.R.S. § 8-6-116; 7 C.C.R. 1103-1 (1.9 and 3).

122. Safeway violated the CMWA and COMPS Order by failing to pay Margaretis and the other Hourly Employees minimum wages for all hours worked, including hours worked "off the clock" and/or during "meal and rest periods," for which Safeway failed to compensate Margaretis and the other Hourly Employees. *See* 7 C.C.R. 1103-1(4.1.1 and 5).

123. Safeway's unlawful conduct harmed Margaretis and the other Hourly Employees by depriving them of the minimum wages they are owed.

124. Accordingly, Margaretis and the other Hourly Employees are entitled to recover their unpaid minimum wages and interest. *See* C.R.S. § 8-6-118.

125. Margaretis and the other Hourly Employees are additionally entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-6-118.

11

## COUNT III

### FAILURE TO PAY EARNED WAGES UNDER THE CWCA AND COMPS ORDERS
### (CLASS ACTION)

126. Margaretis brings his CWCA earned wages claim on behalf of himself and the other Hourly Employees pursuant to C.R.C.P. 23.

127. Safeway's conduct violates the CWCA. *See* C.R.S. §§ 8-4-101, *et seq*.

128. At all relevant times, Safeway was subject to the CWCA because Safeway was (and is) an "employer" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(6).

129. At all relevant times, Safeway employed Margaretis and the other Hourly Employees as its covered "employees" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(5).

130. The CWCA requires employers, like Safeway, to pay employees, including Margaretis and the other Hourly Employees, all wages earned, due, and owing on their regular paydays and following termination of their employment. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

131. Safeway violated the CWCA by failing to pay Margaretis and the other Hourly Employees all earned wages for all the hours of work they performed for Safeway, including overtime wages at the required rate, and hours worked "off the clock" and for "meal periods" and "rest periods" that Safeway failed to authorize, permit, and/or make available, for which Safeway failed to compensate Margaretis and the other Hourly Employees. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1); 7 C.C.R. 1103-1(4.1.1, and 5).

132. Safeway's unlawful conduct harmed Margaretis and the other Hourly Employees by depriving them of the earned wages they are owed.

133. Accordingly, Margaretis and the other Hourly Employees are entitled to recover their unpaid earned wages and an automatic penalty in the amount of two times the amount of the unpaid wages or compensation or $1,000, whichever is greater. *See* C.R.S. § 8-4-109(3).

134. Because Safeway's failure to pay these earned wages was willful, Safeway is also liable to Margaretis and the other Hourly Employees for treble damages in the amount of three times their unpaid earned wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(b)(II).

135. Finally, Margaretis and the other Hourly Employees are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110.

## COUNT IV

### CIVIL THEFT OF WAGES
### (CLASS ACTION)

136. Margaretis brings his civil theft claim on behalf of himself and the other Hourly Employees pursuant to C.R.C.P. 23.

137. At all relevant times, Safeway was subject to the CWCA because Safeway was (and is) an "employer" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(6).

138. At all relevant times, Safeway employed Margaretis and the other Hourly Employees as its covered "employees" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(5).

139. Safeway knew it failed to pay Margaretis and the other Hourly Employees minimum wage and overtime because Safeway knew they performed work for Safeway's benefit "off the clock" and during "meal periods" and "rest periods" that Safeway failed to authorize and/or permit, for which Safeway failed to compensate Margaretis and the other Hourly Employees.

140. Safeway's knowing failure to pay minimum wage under the CMWA, constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 18-6-116.

141. As a result, Safeway's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

142. Accordingly, Margaretis and the other Hourly Employees are entitled to the greater of $200 or treble damages. *See* C.R.S. § 18-4-405.

143. Margaretis and the other Hourly Employees are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court. *See* C.R.S. § 18-4-405.

## JURY DEMAND

144. Margaretis demands a trial by jury on all Counts.

## RELIEF SOUGHT

WHEREFORE, Margaretis, individually and on behalf of the other Hourly Employees, seeks the following relief:

    a. An Order certifying the Hourly Employees as a Class and certifying this litigation as a class action pursuant to C.R.C.P. 23;

    b. An Order appointing Margaretis and his counsel to represent the interests of the Hourly Employees;

    c. An Order authorizing prompt notice of this litigation to all Hourly Employees;

    d. An Order finding Safeway liable to Margaretis and the other Hourly Employees for the unpaid overtime wages owed under the CWCA, an automatic penalty of the greater of two times the amount of the unpaid wages or compensation of $1,000, plus treble damages in the amount of three times their unpaid wages or $3,000, whichever is greater;

    e. An Order finding Safeway liable to Margaretis and the other Hourly Employees for their unpaid earned wages owed under the CWCA, an

13

    automatic penalty of the greater of two times the amount of the unpaid wages or compensation or $1,000, plus treble damages in the amount of three times their unpaid earned wages or $3,000, whichever is greater;

f. An Order finding Safeway liable to Margaretis and the other Hourly Employees for their unpaid minimum wages owed under the CMWA, plus interest;

g. Judgment awarding Margaretis and the other Hourly Employees all unpaid earned wages, unpaid minimum wages, unpaid overtime wages, liquidated damages, treble damages, statutory damages, and any other penalties available under the CWCA and CMWA;

h. An Order awarding attorneys' fees, costs, and expenses;

i. Pre- and post-judgment interest at the highest applicable rates; and

j. Such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Dated:  February 21, 2025 | Respectfully submitted, |

**BRIAN D. GONZALES PLLC**

By: /s/ Brian D. Gonzales
     Brian D. Gonzales
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Phone: (970) 214-0562
bgonzales@coloradowagelaw.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:    (713) 877-8065
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR MARGARETIS & THE HOURLY EMPLOYEES**